# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-0225-WS-B |
| | ) | |
| JEFFERIE DEMETRIUS DEES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Jefferie Demetrius Dees' *pro se* filing styled "Motion to Re-Open or Other Appropriate Remedy in Light of *Descamps v. U.S.* Clarification of the M.C.A." (doc. 36).

On September 23, 2005, Dees entered a plea of guilty before the undersigned to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (*See* docs. 15 & 16.) On February 15, 2006, the undersigned sentenced Dees to a term of imprisonment of 188 months. At sentencing, the Court found that Dees was a career offender, such that his sentence was subject to enhancement pursuant to § 4B1.1 of the U.S. Sentencing Guidelines. Application of § 4B1.1 yielded a base offense level for Dees of 34 (as compared to an adjusted offense level of 28 had his guideline range been calculated using the base offense level and specific offense characteristics prescribed by U.S.S.G. § 2D1.1). After a three-point adjustment for acceptance of responsibility, Dees' total offense level was 31, along with a criminal history category of VI by virtue of his career offender status under U.S.S.G. § 4B1.1(b). Those findings corresponded to a Guidelines range of 188 to 235 months. This Court imposed a low-end sentence.

In designating Dees a "career offender" pursuant to U.S.S.G. § 4B1.1, the Court determined that all three criteria established by that section applied to him. Under § 4B1.1, a defendant is classified as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a

controlled substance offense." U.S.S.G. § 4B1.1(a). In particular, the Presentence Investigation Report ("PSR") confirmed that Dees was 27 years old when he committed the crime for which he was being sentenced; moreover, there can be no question that violation of § 841(a)(1) qualifies as a controlled substance offense. With respect to the two predicate offenses, the PSR identified Dees' prior convictions for crimes of violence as follows: (1) a robbery second degree conviction in Mobile County Circuit Court in November 1994 (*see* doc. 30, ¶ 25); and (2) an assault second degree conviction in Mobile County Circuit Court in March 2004 (*see id.*, ¶ 28). The Court adopted those findings at sentencing.

Now, more than eight years after he was sentenced, Dees comes forward with a filing styled a "Motion to Re-Open or Other Appropriate Remedy" (doc. 36). Dees argues in his Motion that the "career offender" designation used in calculating his Guidelines range was invalidated by the U.S. Supreme Court's decision last year in *Descamps v. United States*, --- U.S. ----, 133 S.Ct. 2276, 188 L.Ed.2d 438 (2013). On that basis, he requests an evidentiary hearing, appointment of counsel, and (presumably) reduction of his sentence.

As a threshold matter, defendant's Motion is procedurally problematic, at best. After all, Dees does not identify the statute or other authority that he contends empowers this Court to "re-open" this long-closed criminal proceeding and re-sentence him. It is well settled that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."). Plainly, neither Rule 35, Fed.R.Crim.P., nor 18 U.S.C. § 3582(c) has any application to Dees' circumstances. It appears, then, that Dees is attempting to proceed under 28 U.S.C. § 2255; however, the one-year AEDPA filing deadline poses a formidable obstacle to his ability to bring a § 2255 petition now, eight years after sentence was imposed. Thus, Dees' Motion is untimely, insofar as it is actually a petition to vacate, set aside or correct sentence.[1]

---

[1] To be sure, AEDPA does allow an application for writ of habeas corpus to be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Federal courts (Continued)

Even if Dees had presented a timely, cognizable claim for relief invoking an applicable statute or rule, his Motion to Re-Open would fail on the merits because his reliance on *Descamps* to undo his "career criminal" enhancement is misplaced. The holding of *Descamps* was that, in determining whether an underlying conviction qualifies as a predicate offense under the Armed Career Criminal Act, "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S.Ct. at 2282. What this means is that, if a defendant was convicted under an indivisible statute (*i.e.*, one not containing alternative elements) that criminalizes a broader swath of conduct than a generic offense listed in the ACCA, courts are not permitted to "consult a limited class of documents, such as indictments and jury instructions," to determine whether the crime of conviction fits within the boundaries of the ACCA generic crime. *Id.*

Unfortunately for Dees, the *Descamps* holding does not negate or call into question the validity of the manner in which this Court determined whether his underlying convictions counted as predicate offenses for the § 4B1.1 "career criminal" enhancement. For purposes of that Guidelines section, a "crime of violence" is defined as, *inter alia*, "any offense under federal

---

have overwhelmingly rejected attempts by defendants to squeeze *Descamps* into this paradigm. *See, e.g., Groves v. United States*, --- F.3d ----, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *United States v. Wilburn*, 2014 WL 2807539, *1 (E.D. Wis. June 20, 2014) (expressing skepticism "that *Descamps* provides a new rule of constitutional law, or even if it did, that the Supreme Court has made the new right retroactive to cases on collateral review"); *Pulley v. United States*, 2014 WL 2206893, *2 (N.D. Ind. May 27, 2014) ("The *Descamps* case does not revive the one-year limitations period of § 2255."); *Baker v. Zych*, 2014 WL 1875114, *2 (W.D. Va. May 9, 2014) ("case law indicates that *Descamps* is not retroactive on collateral review"); *Lee v. United States*, 2014 WL 1571287, *2 (N.D. Iowa Apr. 18, 2014) ("the court's own search has not revealed any cases that have applied *Descamps* retroactively to a case on collateral review"); *United States v. McCloud*, 2014 WL 1370333, *2 (W.D. Va. Apr. 8, 2014) ("*Descamps* has not been made retroactive to apply to cases on collateral review and thus does not fall within the exception contained in 28 U.S.C. § 2255(f)(3)."); *Roscoe v. United States*, 2013 WL 5636686, *11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review."). Accordingly, notwithstanding petitioner's representations about U.S. Department of Justice policy regarding assertions as to the retroactivity (or lack thereof) of *Descamps*, the Court concludes that the *Descamps* decision did not trigger a new one-year filing period under § 2255(f)(3), nor did it transform Dees' obviously time-barred § 2255 petition into a timely one.

or state law, punishable by imprisonment for a term exceeding one year, that … has as an element the use, attempted use or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). As noted, the two predicate convictions undergirding application of the § 4B1.1 enhancement in Dees' case were a 1994 robbery second degree conviction and a 2004 assault second degree conviction. The former offense categorically requires as an element the use, attempted use or threatened use of physical force against another person. *See Ex parte Cole*, 842 So.2d 605, 608 (Ala. 2002) ("robbery in the second degree requires the use of force or the threatened use of force"); Commentary to Ala. Code § 13A-8-44 (explaining that, to constitute robbery in the second degree, "[t]here also must be a presence of force or threat of force"). Thus, Dees' robbery second conviction obviously, necessarily constituted a predicate offense for purposes of the § 4B1.1 career criminal enhancement. Dees' latter underlying conviction was for assault second degree, in violation of Alabama Code § 13A-6-21. That crime does not have "a single, indivisible set of elements," but rather contains seven different permutations of alternatives, with varying elements depending on the particular subsection involved. Certain of those alternatives would fall within the U.S.S.G. § 4B1.1 crime of violence definition, while certain others might not.[2] It therefore lies beyond the purview of *Descamps*, which expressly authorized courts to continue using the modified categorical approach (*i.e.*, reviewing the indictment, jury instructions and so on) "to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Descamps*, 133 S.Ct. at 2293. That is precisely what happened in Dees' case. *Descamps* cannot and does not apply here.

      For all of the foregoing reasons, the Motion to Re-Open (doc. 36) is **denied** as time-barred pursuant to 28 U.S.C. § 2255(f), and is alternatively denied on the merits because Dees is not entitled to relief under *Descamps*. This Court **certifies** that any appeal from this determination would be frivolous and not brought in good faith; therefore, Dees may not take an

---

[2]     *See United States v. Anderson*, 2011 WL 4862955, *2 (11th Cir. Oct. 14, 2011) (concluding that Ala. Code § 13A-6-21 is broader than ACCA provision defining violent felony, because conviction could be for reckless or intentional conduct under different alternative elements of statute, and reckless conduct did not necessarily require use of physical force, such that modified categorical approach was properly applied to determine whether offense qualified); *see generally United States v. Rainey*, 362 F.3d 733, 734 (11th Cir. 2004) (recognizing that a "crime of violence" under U.S.S.G. § 4B1.1 is "virtually identical" to a "violent felony" under ACCA).

appeal *in forma pauperis*, nor will he be granted a certificate of appealability in connection with same.

DONE and ORDERED this 25th day of June, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE