# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JEFFERIE DEMETRIUS DEES, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 16-00304-WS-C |
| vs. | : CRIMINAL NO. 05-00225-WS-C |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## CORRECTED REPORT AND RECOMMENDATION

Petitioner, Jefferie Demetrius Dees, has filed a motion vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). (Doc. 41). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Dees's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3).[1]

## FACTUAL BACKGROUND

On September 15, 2005, Dees entered a counseled guilty plea to the sole count of the indictment, possession with intent to distribute crack cocaine in violation of Title 21, United States Code, § 841(a)(1)[2]. (*Compare* Doc. 16 *with* Doc. 1.) Pursuant to a plea agreement, (Doc. 15), Dees was sentenced to imprisonment for 188 months on

---

[1] The entry of this Corrected Report and Recommendation shall supersede the Report and Recommendation entered on April 12, 2017 (Doc. 52), which is **WITHDRAWN**.

[2] "[I]t shall be unlawful for any person knowingly or intentionally—to … possess with intent to … distribute … a controlled substance; … ." 21 U.S.C. § 841(a)(1).

March 6, 2006, which was the low end of the guideline calculations. (*Compare* Doc. 27 *with* Doc. 40). Dees did not file a direct appeal. (*See* Docket Sheet.)

Dees filed his § 2255 motion in this Court on June 22, 2016, (Doc. 41). Therein, petitioner appears to be implicitly contending that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because he seeks to take advantage of the Supreme Court's decisions in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague) and *Welch v. United States,* -- U.S. --, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review), in requesting that the Court "[v]acate the sentence [im]posed under 4B1.1 and re-sentence without the 4B1.1 enhancement." (*See* Doc. 41, at 12.)

The United States has moved to dismiss the § 2255 motion as untimely. (*See* Doc. 50). In response to the motion to dismiss, Dees has moved to withdraw his pending motion filed under 28 U.S.C. § 2255, recognizing that in view of the recent decision in *Beckles v. United States*, -- U.S. --, 137 S. Ct. 886 (2017), "it would be a waste of judicial resources and legally unsound to pursue these matters any further." (Doc. 51).

## CONCLUSIONS OF LAW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S. Ct. 410, 148 L. Ed. 2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a § 2255 motion, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Dees did not file a direct appeal and, therefore, his conviction became final ten (10) days after this Court entered its March 6, 2006, written judgment, that is, on March 16, 2006, the date on which the time for filing a notice of appeal with this Court expired. *Compare* FED. R. APP. P. 4(b)(1)(A)(i) advisory committee's notes (2009 amendments)[3] *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Dees's one-year limitations

---

[3] Prior to the 2009 amendments, the time for filing an appeal was ten (10) days after judgment instead of fourteen (14) days. *See* FED. R. APP. P. 4(b)(1)(A)(i) advisory committee's notes (2009 amendments).

period for filing his § 2255 motion began running on March 16, 2006 and expired on March 16, 2007. And, of course, it is because Dees's § 2255 motion comes approximately nine years following the expiration of his one-year limitations period that he seeks to argue that his § 2255 motion is timely under § 2255(f)(3) based upon the Supreme Court's decision in *Johnson*, which was declared to be retroactive to cases on collateral review by *Welch*. *See Welch v. United States*, -- U.S. ---, 136 S. Ct. 1257, 1265, 194 L. Ed. 2d 387 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague*[*v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)] in cases on collateral review.")

Dees's argument, however, necessarily misses the mark (and his petition remains untimely) because the Supreme Court held in *Beckles* that its decision in *Johnson* is inapplicable to the sentencing guidelines. *See Beckles*, -- U.S. at --, 137 S. Ct. at 890. Thus, *Johnson* provides no avenue for re-opening the statute of limitations, and Dees's motion is due to be dismissed as time-barred. Dees clearly recognizes this problem by the filing of his motion to withdraw. Accordingly, Dees's § 2255 motion, filed June 22, 2016, is time-barred under 28 U.S.C. § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final.

Based upon the foregoing, and because Dees's § 2255 motion, and his motion to withdraw the § 2255 motion, contain no argument that he is entitled to equitable tolling of the limitations period—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, No. 1:03cr130-GHD-1, 2013 WL 3458152, at *2 n.2 (N.D. Miss. Jul. 9, 2013)—or that he is factually innocent of the crime for which

4

he was convicted—[4]the undersigned recommends that petitioner's § 2255 motion be dismissed.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

---

[4] In *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S. Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis added). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S. Ct. 851, 868, 130 L. Ed. 2d 808 (1995) (citation omitted)). Dees, of course, does not assert his actual (factual) innocence and certainly has supplied this Court with no "new" evidence establishing his actual innocence of the possession with intent to distribute crack cocaine charge. Thus, *McQuiggin* does not provide him a gateway through which his untimely § 2255 motion may pass.

5

Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Dees's § 2255 motion, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the government's motion to dismiss (Doc. 50) the instant § 2255 motion (Doc. 41) be **GRANTED** and that Jefferie Dees's §

2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3). Dees is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of April, 2017.

    s/WILLIAM E. CASSADY

**UNITED STATES MAGISTRATE JUDGE**